IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS M. CROWE, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 07 C 5289 |
| JOHN J. KEARIN, individually and in his capacity as Police Chief of the City of Highwood; VINCENT DONOFRIO, individually and in his capacity as Mayor of the City of Highwood; MICHAEL ZIMMERMANN, DANIEL BLONDIN and RAYSA & ZIMMERMANN, in the capacity of City Attorney; the CITY OF HIGHWOOD, an Illinois Municipal Corporation; UNKNOWN/UNIDENTIFIED POLICE OFFICERS of the City of Highwood, | ) Hon. John F. Grady Judge Presiding |
|       Defendants. | ) |

## MOTION TO DISMISS CERTAIN DEFENDANTS

NOW COME the Defendants, MICHAEL ZIMMERMANN, DANIEL BLONDIN and RAYSA & ZIMMERMANN, LLC, by and through their attorneys, RUSSELL M. BARNETT and RAYSA & ZIMMERMANN, LLC, and move this Honorable Court for entry of Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing said parties as Defendants in the instant action. In support of said motion, the undersigned submits the following:

    1.    Plaintiff, Douglas M. Crowe, has filed this action challenging the constitutionality of the City of Highwood's Boot Ordinance and seeking recovery of damages pursuant to 42 U.S.C. §1983.

2.     In addition to naming the City of Highwood and both the Mayor and Police Chief of Highwood in both their individual and professional capacities, Plaintiff has also named Michael Zimmermann, Daniel Blondin and Raysa & Zimmermann solely in their capacity as City Attorney.

3.     When presented with a Rule 12(b)(6) motion to dismiss, a Court will accept the factual allegations of the Complaint as true and draw all reasonable inferences in favor of the plaintiff. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000).

4.     Numerous courts have held that an "official capacity claim is not really a claim against the government official, but a claim against the government entity that employs him." Velasquez v. City of Waukegan, 2006 WL 1156441 at *1 (N.D. Ill. Apr. 27, 2006). *See also* Kentucky v. Graham, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ... [and] *not* a suit against the official personally, for the real party in interest is the entity.")

5.     To sue a municipal employee in his official capacity, a plaintiff "need only name the entity for which he works; naming both is pointless." Velasquez, 2006 WL 1156441 at *2.

6.     Where there is no ambiguity as to the capacity in which a defendant is being sued, defendants named solely in their official capacity must be dismissed. Velasquez, 2006 WL 1156441 at *2.

7.     Nowhere in the instant action does Plaintiff indicate that Defendants Michael Zimmermann, Daniel Blondin and Raysa & Zimmermann are being sued in anything other than their official capacity as City Attorney; in fact, the case caption lists them in their "capacity of City Attorney." *See* Plaintiff's Complaint For Declaratory Judgment and Other Equitable Relief.

8. For the above reasons, Defendants Michael Zimmermann, Daniel Blondin and Raysa & Zimmermann must be dismissed as named parties to the instant litigation.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Michael Zimmermann, Daniel Blondin and Raysa & Zimmermann respectfully request this Honorable Court enter an Order dismissing them as parties to this matter.

Respectfully submitted,

_/s/ R. M. B._

RUSSELL M. BARNETT, One of the
Attorneys for Defendants Michael Zimmermann,
Daniel Blondin, Raysa & Zimmermann, and the
City of Highwood

Russell M. Barnett (ARDC #6224426)
RAYSA & ZIMMERMANN, LLC
22 S. Washington Ave.
Park Ridge, IL 60068
Tel: (847) 268-8600